United States District Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID LEE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-01581 |
| | § | |
| BASF CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This is an employment discrimination/retaliation case. From August 2018 to September 2021, Plaintiff David Lee ("Lee") worked for BASF Corporation ("BASF"). Representing himself, Lee has sued BASF, alleging that BASF discriminated against him on the basis of his race (Asian), national origin (Chinese), and age (late 50s) by terminating his employment and failing to promote him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Lee also alleges in his Complaint that BASF retaliated against him for contacting the Equal Employment Opportunity Commission ("EEOC").

Before me is BASF's Motion for Summary Judgment. Dkt. 13. After reviewing the parties' briefing, the summary judgment record, and the applicable law, I recommend that the motion be **GRANTED**. This case should be dismissed.

## BACKGROUND

In August 2018, BASF hired Lee as a Planning and Scheduling Manager. He was eventually assigned to work on the "GSTOP" project in Geismar, Louisiana. According to BASF, Lee's supervisor, Edina Nagy ("Nagy"), began receiving negative feedback about Lee shortly after the GSTOP project began. In August and September 2020, Project Manager Mike Arrington and Production Director Bud Portwood ("Portwood") reported that Lee "was unwilling to collaborate, lacked

effective communication skills, along with an inability to effectively translate complex scheduling topics for layperson consumption." Dkt. 13-1 at 82; *see also* Dkt. 34-1 at 21 (email from Portwood to Nagy detailing complaints about Lee).

Nagy met with Lee several times in September 2020 in an effort to coach Lee into communicating more effectively. Nagy contends that Lee "refused to take ownership for his performance deficiencies and shifted the blame to the internal clients." Dkt. 13-1 at 82. As a result, BASF placed Lee on a 90-day Performance Improvement Plan ("PIP") on October 20, 2020. The PIP informed Lee that his "performance/behavior as a project planning and scheduling manager continues to be unacceptable. You are behind your peers in the standard of work required." *Id.* at 89. The PIP also identified seven metrics that BASF expected Lee to meet to demonstrate his commitment to attaining an acceptable level of performance.

On November 15, 2020, Lee went on short-term disability leave. BASF suspended the PIP pending Lee's return from medical leave. On January 26, 2021, while on medical leave, Lee filed a Charge of Discrimination with the EEOC. He returned from medical leave on February 16, 2021.

In June 2021, BASF reinstated the PIP. According to BASF, Lee did not successfully complete the 90-day PIP. He allegedly "failed to demonstrate improvement across the performance metrics and failed to sustain his improvement throughout the PIP period." Dkt. 13 at 13. On August 8, 2021, Lee amended his Charge of Discrimination to include his claims of age discrimination. Dkt. 13-1 at 116. On September 11, 2021, BASF terminated Lee's employment. The stated reason: "well-documented performance deficiencies, including [Lee's] failure to successfully complete his PIP." Dkt. 13-1 at 82.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405,

409 (5th Cir. 2002). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). Once satisfied, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *See id.* at 324. To do so, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, I must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

Although Lee is representing himself, "*pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *White v. Briones*, No. H-09-cv-2734, 2011 WL 66134, at *3 (S.D. Tex. Jan. 7, 2011) (quotation omitted).

## ANALYSIS

### A.  DISCRIMINATION CLAIMS

Title VII and the ADEA, in virtually identical language, make it unlawful for an employer to discriminate against an employee with respect to the employee's compensation, terms, conditions, or privileges of employment because of, among other things, the employee's race, national origin, or age. *See* 42 U.S.C. § 2000e-2(a) (Title VII); 29 U.S.C. § 623(a)(1) (ADEA). The same standard of proof applies to discrimination claims under Title VII and the ADEA. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

Unlawful discrimination may be established through either direct or circumstantial evidence. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). Because Lee relies on circumstantial evidence, I must

apply the familiar burden-shifting test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to analyze his discrimination claims. *See EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Under this framework, a plaintiff must first establish a prima facie case of discrimination.[1] *See id.* The particular elements of a prima facie case of discrimination vary slightly depending on the nature of the claim. I will address the specific elements for a failure-to-promote claim and a wrongful termination claim in detail below.

If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its employment decision. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995). The defendant's burden is low—it is merely one of production, not persuasion. *See Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995) ("If the employer produces any evidence 'which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action,' then the employer has satisfied its burden of production." (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993))). If the employer articulates a legitimate, non-discriminatory reason for its employment decision, the burden shifts back to the plaintiff to establish that the reason proffered by the employer is merely a pretext for discrimination. *See McDonnell Douglas*, 411 U.S. at 804.

The plaintiff must "produce 'substantial evidence' that [the employer]'s proffered reason is pretext for race discrimination." *Watkins v. Tregre*, 997 F.3d 275, 283 (5th Cir. 2021). "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003) (quotations omitted).

---

[1] In other words, a plaintiff must point to evidence (*e.g.*, documents, deposition testimony, affidavits, etc.) in the record that proves the elements of his claim.

### 1.     Lee's Failure-to-Promote Claims

Lee alleges that BASF discriminated against him on the basis of his race, national origin, and age by failing to promote him. In a failure-to-promote case,

> a plaintiff establishes a prima facie case of . . . discrimination by demonstrating that: (1) [he] is a member of the protected class; (2) [he] sought and was qualified for a position for which applicants were being sought; (3) [he] was rejected for the position; (4) the employer hired a person outside of the plaintiff's protected class or continued to seek applicants with the plaintiff's qualifications.

*McMullin v. Miss. Dep't of Pub. Safety*, 782 F.3d 251, 258 (5th Cir. 2015) (Title VII); *see also Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) (ADEA) ("To establish a prima facie case of failure to promote, a plaintiff must show: (1) he was over forty, (2) was qualified for the position sought, (3) was not promoted, and (4) the position was filled by someone younger or the failure to promote was due to his age.").

The second prong of a prima facie failure-to-promote case requires Lee to have sought a promotion. The summary judgment evidence is conclusive: "Lee never applied for any internally posted promotion during his employment with BASF." Dkt. 13-1 at 124; *see also* Dkt. 35-1 at 12 (Lee acknowledging that he "didn't apply" for any position or any promotions after he was hired by BASF). Lee's "failure to apply for a promotion is fatal to his discrimination claim." *Du v. Univ. of Houston at Victoria*, No. 4:16-cv-3141, 2018 WL 1939503, at *6 (S.D. Tex. Apr. 5, 2018); *see also Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999).[2] Simply put, Lee has failed to meet his prima facie burden to show that he was denied a promotion because of his race, national original, or age. Summary judgment is appropriate on Lee's failure to promote claims.

---

[2] If Lee had shown that applying for a higher position would have been a "futile gesture," he may have satisfied this element. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 366 (1977). A plaintiff can demonstrate futility by showing that he "was deterred by a known and consistently enforced policy of discrimination." *Shackelford*, 190 F.3d at 406. No such showing is in the record.

5

### 2. Lee's Termination Claims

Lee also alleges that BASF discriminated against him by terminating his employment on the basis of his race, national origin, and age.

To establish a prima facie case of discrimination arising from the termination of employment under Title VII, Lee must show that he: (1) is a member of a protected group; (2) was qualified for his position; (3) was discharged or suffered some other adverse employment actions; and (4) "was replaced by someone outside of [his] protected class or treated less favorably than other similarity-situated employees who were not in [his] protected class." *Harville v. City of Houston*, 945 F.3d 870, 875 (5th Cir. 2019). To present a prima facie case of discriminatory termination under the ADEA, Lee must show that he was: (1) discharged; (2) qualified for the position; (3) "within the protected age group at the time of the discharge"; and (4) "either replaced by someone younger, replaced by someone outside the protected class, or otherwise discharged because of [his] age." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011). I will assume, without deciding, that Lee can establish a prima facie case of discriminatory termination under both Title VII and the ADEA. Even so, Lee's discrimination claims still fail because BASF has proffered a legitimate, non-discriminatory reason for Lee's termination, and Lee has not established that this reason is merely pretext.

BASF claims it terminated Lee for well-documented performance deficiencies. Poor performance is unquestionably a legitimate, non-discriminatory reason for terminating employment. *See, e.g., Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 476 (5th Cir. 2015) (poor performance was a non-discriminatory reason for termination); *Little v. Republic Refin. Co.*, 924 F.2d 93, 96 (5th Cir. 1991) (same).

Because BASF has proffered a legitimate, non-discriminatory reason for Lee's termination, the burden shifts back to Lee to establish a genuine issue of material fact by showing that BASF's proffered reason is pretextual. *See Delaval v.*

6

*PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016). This means that "[Lee] must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of [BASF]'s decision." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002); s*ee also Goudeau*, 793 F.3d at 478 ("At the end of the day, the pretext inquiry asks whether there is sufficient evidence demonstrating the falsity of the employer's explanation, taken together with the prima facie case, to allow the jury to find that discrimination was the but-for cause of the termination." (quotation omitted)).

"In pretext cases, it is not enough that the [employer] was wrong about the underlying facts that motivated the adverse employment action. The only question is whether the employer had a good-faith belief that the facts that motivated the adverse action were true." *Lucas v. T-Mobile USA, Inc.*, 217 F. Supp. 3d 951, 957 (S.D. Tex. 2016). "Pretext is established either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Delaval*, 824 F.3d at 480 (quotations omitted). "In conducting a pretext analysis, the court does not engage in second-guessing of an employer's business decisions." *Roberson-King v. La. Workforce Comm'n*, 904 F.3d 377, 381 (5th Cir. 2018) (quotation omitted).

Lee's response to BASF's Motion for Summary Judgment is rambling, confusing, and disjointed. Lee does state in conclusory fashion that he was "discriminated against because of his race, Chinese[,] and national origin, Asian, and age." Dkt. 34-1 at 20. This statement, however, is far from sufficient to meet Lee's burden on pretext. Indeed, the Fifth Circuit has consistently held that an employee's subjective belief that he has suffered discrimination is insufficient to establish pretext. *See EEOC v. La. Off. of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995) (holding again that a "subjective belief of discrimination, however genuine, cannot be the basis of judicial relief"). Notably absent from Lee's summary judgment response is *any* evidence contradicting BASF's position that it reasonably believed that he performed poorly in his job.

7

At its core, Lee's claim is that BASF's decision to terminate his employment was unreasonable. But that does not come anywhere close to creating a factual dispute on the pretext issue. It is well-settled an employer is "entitled to be unreasonable" in terminating its employees "so long as it does not act with discriminatory animus." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002). "[T]he inquiry is not whether [BASF] made a wise or even correct decision to terminate [Lee]. . . . Instead, the ultimate determination, in every case, is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable factfinder could infer discrimination." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 826 (5th Cir. 2022) (cleaned up).

Because Lee cannot demonstrate that the legitimate, non-discriminatory reason BASF offered for terminating him was pretextual, BASF is entitled to summary judgment on Lee's discrimination claims based on race, national origin, and age.[3]

**B.   RETALIATION CLAIM**

In his Complaint, Lee also asserts a retaliation claim. The most specific language Lee writes in his Complaint concerning this allegation is that BASF "retaliated me/terminated me for contacting EEOC." Dkt. 1 at 2.

To set out a prima facie case of retaliation under Title VII and the ADEA, Lee must show that (1) he engaged in an activity protected by Title VII or the ADEA; (2) he suffered an adverse employment action; and (3) there is a causal link between elements (1) and (2). *See Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992). As with discrimination claims, retaliation claims under Title VII

---

[3] Throughout his summary judgment response, Lee suggests that he was subject to a hostile work environment at BASF. However, no hostile work environment claim is found in Lee's Complaint. It is well-established that Lee cannot raise a hostile work environment claim for the first time at the summary judgment stage to avoid an adverse judgment. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

and the ADEA are analyzed under the *McDonnell Douglas* burden-shifting framework:

> If a plaintiff succeeds in making a prima facie case, the burden then shifts to the defendant to proffer a legitimate rationale for the underlying [] employment action. If the defendant makes this showing, the burden shifts back to the plaintiff to demonstrate that the employer's articulated reason for the employment action was a pretext for retaliation.

*Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (cleaned up); *see also Shirley*, 970 F.2d at 42.

BASF notified Lee that it was terminating his employment only 33 days after he amended his Charge of Discrimination to add an age discrimination claim. *Compare* Dkt. 13-1 at 116 (Lee's August 8, 2021 amendment to his Charge of Discrimination), *with id.* at 119 (BASF's September 10, 2021 letter notifying Lee that his employment would be terminated the next day). In some cases, this "close timing alone" is "minimally sufficient . . . to establish a prima facie case [of retaliation]." *Finnie v. Lee Cnty.*, 907 F. Supp. 2d 750, 789 (N.D. Miss. 2012) (holding that 26 days was sufficient). Here, however, the temporal proximity that might otherwise give rise to a rebuttable presumption of causation is negated by the fact that BASF's "response to [Lee's] poor performance predated his protected activity and termination." Dkt. 13 at 25. Remember, "BASF first began coaching [Lee] on his performance issues in September 2020 and placed him on a PIP in October 2020, several months before he filed his first [EEOC] Charge" in January 2021. *Id.* Because Lee's performance issues and BASF's response to those issues predate any protected activity, there can be no causal connection between the protected activity and his subsequent termination. *See Pena v. Houston Cmty. Coll.*, No. 4:18-01888, 2019 WL 587693, at *5 (S.D. Tex. Feb. 13, 2019) (collecting cases). Thus, Lee cannot satisfy the causation element of his prima facie case for retaliation under Title VII and ADEA retaliation claims.

Even if Lee could make out a prima facie case of retaliation, such a claim would still fail for the same reason that Lee's discrimination claims fail—Lee has

9

not rebutted that his poor performance was pretext for his termination. Lee's retaliation claim thus fails as a matter of law.

## CONCLUSION

For the reasons stated above, I recommend that BASF's Motion for Summary Judgment (Dkt. 13) be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 7th day of November 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE