United States District Court
Southern District of Texas
**ENTERED**
June 07, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID LEE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-01581 |
| | § | |
| BASF CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM AND RECOMMENDATION

On August 18, 2023, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 20. Judge Edison filed a Memorandum and Recommendation on November 7, 2023, recommending that Defendant's Motion for Summary Judgment (Dkt. 13) be granted. Dkt. 38. Plaintiff did not timely file objections. On December 4, 2023, I approved and adopted Judge Edison's Memorandum and Recommendation in its entirety as the holding of the Court (Dkt. 40), and entered a Final Judgment. Dkts. 40, 41. Two days later, on December 6, 2023, the Clerk's Office docketed Plaintiff's Objections to the Memorandum and Recommendation. According to Plaintiff's Certificate of Service, his Objections were (untimely) submitted at some point on December 4, 2023. Dkt. 44 at 2 ("I hereby certify that on this 4th day of December 2023 a true and correct copy of the foregoing document was served on counsel of record."). On May 10, 2024, Plaintiff appealed this Court's Final Judgment. Dkt. 46.

Under Federal Rule of Civil Procedure 5, whether mailed or left with the Clerk's Office, Plaintiff's late-filed Objections were technically filed *before* the entry of judgment. *See* Fed. R. Civ. P. 5(b)(2)(C)–(D) (service is complete upon mailing or leaving a document with the court clerk). The Court simply was not aware of these objections until *after* judgment had been entered. That Plaintiff's Objections were late-filed (but not docketed) on the same day the Court entered judgment is the type of oversight contemplated by Federal Rule of Civil Procedure 60. Moreover, the Fifth Circuit advised this Court that it is holding Plaintiff's appeal in abeyance until a ruling is made on Plaintiff's Objections.

Recognizing that Plaintiff is proceeding without a lawyer, the Court will consider his late-filed Objections. Accordingly, the Court **WITHDRAWS** its December 4, 2023 Order Adopting Magistrate Judge's Memorandum and Recommendation (Dkt. 40) and Final Judgment (Dkt. 41).

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully considered the Objections; the Memorandum and Recommendation; the pleadings; and the record. The Court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court. It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation (Dkt. 38) is **APPROVED and ADOPTED** in its entirety as the holding of the Court; and

(2) Defendant's Motion for Summary Judgment (Dkt. 13) is **GRANTED**.

It is so **ORDERED**.

SIGNED at Houston, Texas on June 7, 2024.

                                                    GEORGE C. HANKS, JR.
                                                    UNITED STATES DISTRICT JUDGE